THE OHIO AND MISSISSIPPI R. W. CO. *v.* VICKERY ET AL.

SUPREME COURT.—*Practice.*—*General Finding.*—*Special Finding.*— Where, from the evidence given on the trial of a cause, wherein a general finding has been rendered, the Supreme Court would not disturb a special finding, supporting such general finding, had it been made, upon a particular point urged against the latter, such point will not be considered.

From the Knox Circuit Court.

*W. H. De Wolf* and *C. A. Beecher*, for appellant.

*G. G. Reily* and *W. C. Johnson*, for appellees.

WORDEN, C. J.—This was an action, by the appellees, against the appellant, to recover damages for the negligent and careless manner of carrying and handling three barrels of molasses, which the defendant, as was alleged, undertook, as a common carrier, to transport from the City of New York, to Vincennes, Indiana, whereby the barrels were broken and a quantity of the molasses spilled and lost.

The cause was tried by the court, who found for the plaintiffs and assessed their damages at twenty-nine dollars and sixty-one cents.

The case is before us on the evidence, which, as we think, was sufficient to justify the finding.

The point is made by the appellant, that by the terms of the bill of lading, that company was not responsible for any injury to the barrels, which happened before they were received by her from the company whose road connected with that of the appellant, at Cincinnati, Ohio. We shall not examine, or express any opinion upon, the legal proposition stated. The finding of the court was a general one, and we can not know whether the court was of opinion that the injury to the barrels happened before or after they were placed upon the appellant's road at Cincinnati. If the court had found, specially, that the injuries occurred after the barrels had been placed upon the appellant's road at Cincinnati, the evidence, taking it alto-

gether, was such that we could not, under the well established practice, disturb the finding.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled at the May Term, 1877.